**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ANDREW D. WILKERSON,
        Appellant,

     v.

DEPARTMENT OF THE ARMY,
        Agency.

DOCKET NUMBERS
DA-0752-18-0216-I-1
DA-1221-18-0217-W-1

DATE: June 28, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Andrew D. Wilkerson, El Paso, Texas, pro se.

Alexandria P. Tramel and Karen Denise Haertl, Fort Worth, Texas,

Ernest A. Burford, Esquire, Dallas, Texas, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the appellant's removal and denied his request for corrective action in

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

his individual right of action (IRA) appeal.[2]  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

### DISCUSSION OF ARGUMENTS ON REVIEW

¶2      The appellant was employed by the agency as a Civil Engineer.  Initial Appeal File (IAF),[3] Tab 11 at 116.  In July 2017, the appellant filed a whistleblower reprisal complaint with the Office of Special Counsel (OSC).  IAF, Tab 34 at 53-54.  In subsequent communications with OSC, he specifically alleged that the agency took a number of personnel actions, including

---

[2] Joinder of two or more appeals filed by the same appellant is appropriate when doing so would expedite case processing and will not adversely affect the parties' interests.  *Savage v. Department of the Army*, 122 M.S.P.R. 612, ¶ 1 n.1 (2015), *overruled on other grounds by Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 23-25; 5 C.F.R. § 1201.36(a)-(b).  We find that these criteria are satisfied here, and we therefore JOIN the two appeals.

[3] Unless otherwise specified, references to the Initial Appeal File are to the file in MSPB Docket No. DA-0752-18-0216-I-1.

investigating him and placing him on absence without leave (AWOL), in retaliation for his protected disclosures. *Id.* at 55-56, 58.

¶3 In November 2017, while the whistleblower complaint was pending before OSC, the agency proposed the appellant's removal based on charges of Conduct Unbecoming a Federal Employee (3 specifications); Making Statements (or Sending E-mails) that Cause Anxiety and Disruption in the Workplace (4 specifications); Insubordination (2 specifications); Making False Statements (4 specifications); and Lack of Candor (2 specifications). IAF, Tab 11 at 96-114. The appellant raised the proposed removal before OSC. IAF, Tab 34 at 60-62.

¶4 By letter dated January 4, 2018, OSC informed the appellant that it had closed its investigation into his complaint and that he had the right to file an IRA appeal within 65 days. IAF, Tab 34 at 114. By letter dated March 1, 2018, the agency issued a decision removing the appellant effective the following day. IAF, Tab 11 at 74-94. The appellant filed a Board appeal on March 1, 2018, IAF, Tab 1, which the Board docketed separately as a chapter 75 removal appeal and an IRA appeal.[4]

¶5 After holding a hearing covering both appeals, the administrative judge issued a single initial decision affirming the appellant's removal and denying his request for corrective action in his IRA appeal. IAF, Tab 122, Initial Decision (ID). The administrative judge found that the agency proved all three specifications of the conduct unbecoming charge, ID at 4-13, one of the four specifications of the charge of making statements that cause anxiety and disruption in the workplace, ID at 14-17, and both specifications of insubordination, ID at 17-20, but that it failed to prove its charges of making false

---

[4] The appellant repeatedly requested that the Board stay his removal, but the administrative judge denied those requests, finding the appellant failed to show that there was a substantial likelihood he would prevail on the merits of his whistleblower retaliation claim. *See* 5 U.S.C. § 1221(c); *Wilkerson v. Department of the Army*, DA-0752-18-0216-S-3, Stay Decision (Apr. 26, 2018).

statements and lack of candor, ID at 20-27. He further found that the agency established a nexus between the appellant's proven misconduct and the efficiency of the service, ID at 27-28, and that removal was a reasonable penalty for the proven misconduct, ID at 28-33. The administrative judge then addressed the appellant's claims of reprisal for protected disclosures and activities in connection with both the removal and the personnel actions raised in his IRA appeal. The administrative judge found that the appellant proved that he engaged in protected whistleblowing activity when he filed a prior IRA appeal, shared information with a member of Congress, disclosed alleged contracting improprieties to agency investigators, and disclosed information to OSC. ID at 35-42. The administrative judge further found that the appellant established that his protected whistleblowing was a contributing factor in a June 2017 letter of reprimand, the proposal and decision to remove him, his placement on AWOL for several days in June and July 2017, and his placement on full-time telework. ID at 43-49. However, the administrative judge found that the appellant failed to establish that the agency subjected him to a hostile work environment. ID at 47-48.[5] For those protected activities that the appellant proved were a contributing factor in personnel actions, the administrative judge found that the agency proved by clear and convincing evidence that it would have taken the same actions absent the appellant's protected whistleblowing. ID at 50-62.

¶6 The appellant has filed identical petitions for review in both appeals. Petition for Review (PFR) File, Tab 2. He accuses agency officials of a variety of criminal acts and other misconduct. *Id.* at 4-5. He also makes a number of

[5] The administrative judge considered the appellant's claim that the agency retaliated against him by investigating him, but he found that an investigation per se is not a personnel action. ID at 49-50. However, the administrative judge considered the appellant's claims regarding the investigation in evaluating whether the agency proved by clear and convincing evidence that it would have taken the actions resulting from that investigation (i.e., the proposed removal and removal decision) in the absence of his protected whistleblowing. ID at 49-50, 56-58.

factual assertions without reference to the record. *Id.* at 16-26. The appellant alleges that the agency improperly withheld information during discovery and that the administrative judge committed harmful procedural error. *Id.* at 29. The agency has filed a response, PFR File, Tab 4, and the appellant has filed a reply, PFR File, Tab 5.

¶7		A petition for review states a party's objections to the initial decision, including all of the party's legal and factual arguments, and must be supported by references to applicable laws or regulations and by specific references to the record. *See* 5 C.F.R. § 1201.114(b). A petition for review must contain sufficient specificity to enable the Board to ascertain whether there is a serious evidentiary challenge justifying a complete review of the record. *Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992). Before the Board will undertake a complete review of the record, the petitioning party must explain why the challenged factual determination is incorrect and identify the specific evidence in the record that demonstrates the error. *Weaver v. Department of the Navy*, 2 M.S.P.R. 129, 133 (1980). The Board will not disturb an administrative judge's findings when he considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility. *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 106 (1997); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987).

¶8		The appellant's arguments on petition for review do not meet the Board's standard for review. His allegations of criminal conduct lack evidentiary support and he fails to explain how those matters relate to the issues before the Board in these appeals. Likewise, although he appears to challenge some of the administrative judge's factual findings and credibility determinations, he fails to identify the specific evidence that supports his position. We find no reason to disturb the administrative judge's well-reasoned findings and credibility determinations.

¶9      The appellant's arguments regarding alleged procedural error also do not warrant reversing the initial decision.  Even if we were to accept as true the appellant's bare assertion that the administrative judge told the appellant he could not award corrective action, PFR File, Tab 2 at 29, the appellant has not shown how that statement affected his rights.  *See Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981) (the administrative judge's procedural error is of no legal consequence unless it is shown to have adversely affected a party's substantive rights).

¶10     Finally, we find that the appellant's arguments regarding discovery do not provide a basis for reversing the initial decision.  The administrative judge denied the appellant's motion to compel discovery as untimely filed.  IAF, Tab 92.  The appellant has not explained how the administrative judge erred in that ruling, and we see no reason to disturb it.  *See McCarthy v. International Boundary and Water Commission: U.S. and Mexico*, 116 M.S.P.R. 594, ¶ 15 (2011) (an administrative judge has broad discretion in ruling on discovery matters and, absent a showing of abuse of discretion, the Board will not find reversible error in such rulings), *aff'd*, 497 F. App'x 4 (Fed.Cir.2012).

¶11     We have considered the appellant's remaining arguments on review, and we find that they do not warrant reversal of the initial decision.

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under <u>5 U.S.C. § 2302</u>(b)(8) or other protected activities listed in <u>5 U.S.C. § 2302</u>(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.

review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                              /s/ for
                                    Jennifer Everling
                                    Acting Clerk of the Board

Washington, D.C.